RECEIVED

APR - 8 2015

AT 8:30   1:30   PM

WILLIAM T. WALSH, CLERK

Rudolph Travers
441 Covington Street
Culpeper, Virginia 22701
540-229-0419

---

Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

Docket No _____

V.
Essex County, New Jersey
Essex County Probation Division

Shazeda Samudeen, Chief Probation Officer
    Defendant (s)

**CIVIL ACTION**
**Jury Trial Demanded**

**Parties in this Complaint**

Plaintiff (s)

1. The claims described are brought by Rudolph Travers, a former resident of Essex County, New Jersey. Plaintiff, Rudolph Travers, resides at 441 Covington Street, Town of Culpeper, County of Culpeper, State of Virginia, 22701 Phone: 540-229-0419

Defendant (s):

1. Essex County Probation Agency

    212 Washington Street, 13 Floor

   County of Essex, City of Newark

   New Jersey, 07102

   Phone: 973-693-6633

2. Shazeda Samudeen, Chief Probation Officer

   212 Washington Street, 13 Floor

   County of Essex, City of Newark

   New Jersey, 07102

   Phone: 973-693-6633

3. The true names and capacities, whether individual, public entity or otherwise, of Defendants sued as DOES 1 through 2. Inclusive, are currently unknown to plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated as a DOE is legally responsible in some manner for the events and actions referred to herein, and cause injury and damage proximately thereby to plaintiff as alleged. Plaintiff will seek leave of court to amend this complaint to show the true names and capacities of the Defendants designated as DOES when the same have been ascertained.

4. Plaintiff is informed and believes, and based thereon alleges, that at all times mentioned herein, each of the Defendants was the agent, employee, and co-conspirator of each of the remaining Defendants, and was, acting within the course, scope, purpose, consent, knowledge, ratification and authorization of

Essex County, and Essex County Probation, and conspiracy.

5. Diversity Jurisdiction — Demand $5 Million (see. Relief)

### Factual Allegations

1. Plaintiff came in contact with the Essex County governmental entity (Superior Court of New Jersey, Essex County Probation and Essex Sheriff Department) in 1994. Plaintiff first encounter the Defendants through the Sheriff Department on Claim of paternity and for support payment originating from the State of Texas through an intra-state process. Essex County authorities initial communication with Plaintiff listed another one of its other client Angel Hernandez in envelop to my business address. Particulars unknown to the plaintiff, therefore did not respond.

2. Subsequently receive a summon from the Essex County Sheriff Office to which I responded. During this visit, the Sheriff selected to make threat about not taking responsibility for a child, the subject of claims and summon. Objection to Sheriff officer's offensive accusations was refuted, which was met with increased level of threat. Observing anger in Sheriff and espousing violence over allegedly not taking responsibility for a child.

3. The encounter with Sheriff Officer and his expressed view that black men have bunch of children and leave responsibility for others was untrue and offensive. When plaintiff attempted to address the inaccuracy of his statements, he threaten to arrest, lock up and then send plaintiff back to where he came from.

4. Birth certificate of child on whose behalf support sought and money seized through intimidation, threat, and harassment, did not list plaintiff as father nor was claimant ever married to plaintiff.

5. Essex County probation agency negligently failed in its duty to establish paternity based on scientific evidence as required by federal law, rather social biases and instead facilitated claimant's fraud, leading to arbitrary confiscation of assets even after court order that closed case.

6. County of Essex, Assistant County Counsel, Ms. Sheila Genovese made statement that Black men did not take responsibility for offspring, leaving children to become responsibility of the public. Ms. Genovese threaten to arrest and throw Plaintiff in jail for allegedly harassing Ms. Whitlock, claimant on whose behave Essex County was illegally prosecuting plaintiff in hostile and intimidating environment. Plaintiff denied ever harassing claimant in any manner.

7. Essex County probation agency show indifference to fact that no proof exist to order support payment and ignored its requirement to establish paternity based on DNA evidence as required by federal Title IV-D. Instead, Defendants use intimidation tactics, harassment, threats, and arrest were employed to seize property based on fraudulent claim for which it has responsibility to discern facts. Instead, Essex County relied on bogus affidavit offered by Texas authorities based on a fraudulent claim. Such actions are result either of either incompetence or deliberate misconduct service practitioners, with focus being revenue generation without regards for child's well-being.

8. Essex County failed to exercise due diligence, negligent of requirement to establish paternity, ignored fact that plaintiff not listed on child's certificate of birth, never married to plaintiff. Instead, was an accomplice, facilitated, and joined in claimant, Ms. Whitlock's criminal intent and robbed plaintiff of assets.

9. Plaintiff was deceived and misled into believing subject of case (now adult) was a biological offspring. Child resided with plaintiff in New Jersey where she was enrolled in private school, later in public school, and after school program in City of East Orange, New Jersey. Child transported between Texas and New Jersey at expense of plaintiff. All level of support provided for (6) year old girl independently. Claimant, mother of child also brought to New Jersey from Texas to know where her child resided, yet claim in court document that she did not know my whereabouts. Also, travelled to Texas annually to spent time with child when with claimant. Essex County was negligent in its duty, used law enforcement power arbitrarily to seize assets not owed through fraudulent means.

10. Claimant, Ms. Whitlock failed to submit affidavit after agreeing, attesting to claim of paternity. My attorney, Ned M. Rosenberg prepared affidavit upon discussion with claimant, instead requested termination of false claim through Texas Office of the Attorney General and the Superior Court of New Jersey.

11. Believe everyone is entitled to a minimum level of honesty, especially as it relate to subject of children and family issues. Plaintiff witnessed birth, nurtured, loved, and cared for single-handedly for child as custodial parent in New Jersey, based on false claim of paternity. Essex County negligent actions resulted not only in substantial financial costs, but destroyed child's relationship with plaintiff who she knew as her dad from birth. The child vanished when claimant could not prove paternity and threaten with legal action.

12. Defendant, Ms. Shazeda Samudeen, Chief Probation Officer has command responsibility for the Essex County Probation Agency. Decisions of her predecessors is passed on to her. Have no knowledge that Samudeen actual role in this matter, if any.

13. Essex county operating model to generate revenue and meet quota, ignored responsibility to ensure equal treatment and due process, which exploit child, violated my civil rights in non-evidence based decision. These actions rise to the level of gross negligence.

14. Treasurer of New Jersey through the office of Nicholas Fiore, Essex County Chief Probation Officer returned support payments handed over due to intimidation and out of fear, rather than obligation owed. Subsequently, Essex county authorities held plaintiff in detention for objecting to demand for money not owed and for writing word "extortion" in protest on back of money order forced to hand over.

15. Forced to hand over $2,000 (two thousand dollars) not owed in exchange for freedom, although Essex probation was in possession of request from claimant through

the Texas OAG to close case after failure to sign affidavit from plaintiff's attorney attesting to claim of paternity for her child, the subject Essex County actions.

16. Superior Court of New Jersey ruled on April 20, 1997 closure of case as per request from claimant (fraudster) through the Texas OAG. The court ordered matter closed with all illegal arrears satisfied and judgment vacated.

17. The plaintiff is not the father of the individual on whose behalf EssexCounty acted maliciously, without application of due diligence, failure to establish paternity required by federal law, and even when official birth certificate of child did not name plaintiff as father. Essex County relied on bogus affidavit from partner agency as basis for malicious prosecution.

18. Texas OAG support agency ignored order of New Jersey court, and continue to harass, intimidate, ruin credit standing, prevent free movement, and seize assets, allegedly on order of Essex County probation. Texas' assertion confirmed by Essex Probation agency staff -Ms. Lila Maxwell on June 26, 2013, 4:01 PM.

19. Essex probation agency in collusion with Texas partner agency, was an accomplice in facilitation of fraud that stole my assets, ruined my economic life and happiness with use of harassment, intimidation, false arrest and detention based on a fraudulent claim.

20. The plaintiff claims the facts rise to the level of gross negligence on part of Defendants, Essex probation agency and its agents as a matter of law.

## Injury

1. Action of Essex County probation violated plaintiff's civil rights and liberty, ruined credit standing, destroyed business enterprise, jobs prospects, and damage moral reputation based on fraudulent claim of paternity due to negligence of Essex County failure to ascertain prove before decision to confiscate personal assets.

2. Actions of Essex County probation was malicious, demeaning and ruined my reputation, damaged credit standing, career prospects, and the economic well-being of my family.

3. Defendants, Essex County probation Agency, Chief Probation Officer, and deputies, ignored order of Superior Court of New Jersey that vacated all claims, including arrears derived through fraud and gross negligence of duty. Conspired with Texas authorities to continue harassment, seizure of property, deprivation of free movement, destroyed credit standing, business venture, and employment prospects resulting economic and financial loss.

4. Plaintiff suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish, emotional distress, and the agony of repression. Plaintiff is thereby entitle to general and compensatory damages, which will be proven at trial.

5. Repercussions to plaintiff of Essex Count's reckless actions are significant, including ruined credit standing, denial of business license, negative impact on employability,

emotional distress and public humiliation intended to extract money not owed.

6. Essex's action forever falsely taints and permanently damages plaintiff as a deadbeat father who was arrested for failing to take parental responsibility that was in fact fraudulent in every respect. Plaintiff faces difficulties in obtaining employment as a result of Essex County's actions.

7. The plaintiff incurred significant costs, and will continue to do so in the future due to the malicious, intentional, and/or grossly negligent actions of the defendants. Contrary to Essex County authorities' assumptions, based on social and racial biases, plaintiff actually took custodial responsibility for subject of its action, although plaintiff had no illegal obligation and based fraud Essex aided and abetted.

## Relief

1. As set forth above, DefandantsDefendant engaged in actions without factual basis, scientific

    evidence as required by law, the Defedants'Defendants' abused public power by ignoring order of

    court and instructing partner agency in Texas to pursue a case the Superior Court of New Jersey had ordered closed.

2. The subject of defendants action is not the biological offspring of plaintiff, action have cause plaintiff to incur significant financial loss and other costs, and will continue to do

so in the future due to malicious, intentional and grossly negligent actions of the defendants. Actions by Essex County Probation did cause plaintiff special harm and irreversible damage.

3. As a forum for the fair adjudication of grievances, Essex County Probation Division were at all times aware that its actions, malicious, illegal, degrading, and humiliating caused plaintiff financial, social, and professional harm. Despite that knowledge, in deliberate disregard for plaintiff rights, damage caused, motivated by pursuit of a social agenda to hold black men responsible, and to meet federal child support quota, blinded the Defendants own sense of responsibility to first establish paternity as required by law. Essex County authorities engaged in the foregoing deliberate violation of the law, rights, and devalue plaintiff's humanity. The illegal and outrageous conduct of the defendants was performed with malice and oppression, and with the intent, design and purpose of ruining plaintiff. The Plaintiff is entitled to punitive or exemplary damages from defendants in a sum according to proof at trial.

4. In perpetrating the grossing malicious, harassing, ruinous, and illegal actions described, the Defendants abused their special position as fair arbiter in a court of law, where parties holds the belief that a fair trial will be conducted, and justice equal and fair. As a presumed fair arbiter, which vested Defendants with substantial power capable of ruining plaintiff's financial, professional growth, liberty, and happiness, damaged plaintiff's economic interests, prospects, and financial well-being on fraudulent claim.

5. The above alleged actions of the Defendants were intentional, malicious, for

   illegal purpose, and outrageous, and exceeded all bound of rule of law

   application in a democratic society. Plaintiff request a trial by jury of all claims so **triable**.

   Request that court right this wider injustice, and bring impunity by public officials

   who abuse their authority to an end. Erase arbitrary arrest record.


Wherefore, Plaintiff prays judgment be entered in his favor and against Defendants as follows:

As to the Cause of Action:

1. Refund full amount confiscated from plaintiff through fraud. That Plaintiff be awarded general and compensatory damages in an according to proof at trial.

2. That Plaintiff be awarded punitive damages in an amount according to proof at trial. That Plaintiff be awarded reasonable cost of suit; and that this court award such other and further relief as the court deems just and proper.


   Dated April 7, 2015




                                                            Respectfully Submitted,

                                                            Rudolph Travers, Pro Se Plaintiff

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 7th day of April, 2015.

Signature of Plaintiff [signature]
Mailing Address 441 Covington Street
Culpeper, VA 22701

Telephone Number 540-229-0419
Fax Number *(if you have one)*
E-mail Address itrusttrustravers@gmail.com

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint.

Signature of Plaintiff: [signature]   April 7, 2015

- 5 -