UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
VICINAGE OF NEWARK

| | |
|---|---|
| _____ | : HON. JOSE L. LINARES, U.S.D.J. |
| RUDOLPH TRAVERS, | : HON. JOSEPH A. DICKSON, |
| | : U.S.M.J. |
| Plaintiff, | : |
| | : Civil Action No. 15-CV-2508 |
| v. | : (JLL-JAD) |
| | : |
| ESSEX COUNTY, SHAZEEDA | : |
| SAMSUDEEN, AND ESSEX COUNTY | : |
| PROBATION DIVISION, | : |
| | : |
| Defendants. | : |
| _____ | : |

---

**BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO *FED. R. CIV. P.* 12(B)(1) and 12(B)(6) ON BEHALF OF DEFENDANTS ESSEX VICINAGE PROBATION DIVISION AND SHAZEEDA SAMSUDEEN.**

---

JOHN J. HOFFMAN
ACTING ATTORNEY GENERAL OF NEW JERSEY
124 Halsey Street, 5th Floor
P.O. Box 45029
Newark, NJ 07101
(973) 648-2842
Attorney for Defendants,
Essex Vicinage Probation Division and
Shazeeda Samsudeen

ON THE BRIEF:
Ione K. Curva
Deputy Attorney General

1

**TABLE OF CONTENTS**

**PAGE**

PRELIMINARY STATEMENT................................................1

PROCEDURAL HISTORY AND STATEMENT OF FACTS.......................2

STANDARD OF REVIEW................................................4

    A. MOTION TO DISMISS PURSUANT TO *FED. R. CIV. P.*
       12(B)(1) ................................................4

    B. MOTION TO DISMISS PURSUANT TO *FED. R. CIV. P.*
       12(B)(6) ................................................5

ARGUMENT.........................................................6

    POINT I

    PLAINTIFF'S COMPLAINT AGAINST THE STATE JUDICIARY
    DEFENDANTS MUST BE DISMISSED AS BARRED BY THE ELEVENTH
    AMENDMENT....................................................6

    POINT II

    PLAINTIFF'S COMPLAINT IS TIME BARRED........................8

    POINT III

    PLAINTIFF'S COMPLAINT AGAINST THE STATE JUDICIARY
    DEFENDANTS MUST BE DISMISSED BECAUSE THEY ARE NOT
    "PERSONS" AMENABLE TO SUIT UNDER § 1983....................9

    POINT IV

    PLAINTIFF'S COMPLAINT AGAINST DEFENDANT SAMSUDEEN
    SHOULD BE DISMISSED BECAUSE RESPONDEAT SUPERIOR CLAIMS
    ARE NOT COGNIZABLE UNDER 42 U.S.C. § 1983.................10

    POINT V

    PLAINTIFF'S COMPLAINT AGAINST DEFENDANT SAMSUDEEN
    SHOULD BE DISMISSED AS HE IS ENTITLED TO QUASI-
    JUDICIAL IMMUNITY.........................................12

i

POINT VI

ALL CLAIMS AGAINST DEFENDANT SAMSUDEEN SHOULD BE
DISMISSED AS HE IS ENTITED TO QUALIFIED IMMUNITY..........14

POINT VII

PLAINTIFF'S STATE LAW TORT CLAIMS MUST BE DISMISSED
GIVEN PLAINTIFF'S FAILURE TO FILE A NOTICE OF TORT
CLAIM AS REQUIRED BY THE NEW JERSEY TORT CLAIMS ACT.......16

POINT VIII

THE STATE JUDICIARY DEFENDANTS ARE ENTITLED TO
IMMUNITY UNDER THE NJTCA.................................17

POINT IX

PLAINTIFF IS NOT ENTITLED TO PUNITIVE DAMAGES OR
DAMAGES FOR PAIN AND SUFFERING UNDER THE NEW JERSEY
TORT CLAIMS ACT.........................................19

CONCLUSION..................................................22

## TABLE OF AUTHORITIES

### FEDERAL CASES

PAGE

*Alden v. Maine*, 527 U.S. 706 (1999)...........................7

*Anspach v. City of Philadelphia*, 503 F.3d 256 (3d Cir. 2007)....5

*Antoine v. Byers Anderson, Inc.*, 508 U.S. 429 (1993)..........13

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)..........................5

*Bayer v. Monroe County Children and Youth Servs.*, 577 F.3d 186, 191 (3d. Cir. 2009)..........................................11

*Brown v. U.S. Steel Corp.*, 2010 U.S. Dist. LEXIS 115503 (W.D. Pa. Oct. 29, 2010)............................................4

*Camero v. Kostos*, 253 F. Supp. 331 (D.N.J. 1966)...............6

*Campbell v. City of San Antonio*, 43 F. 3d 973 (5th Cir. 1995) ........................................................6

*Figueroa v. City of Camden*, 580 F. Supp. 2d 390 (D.N.J. 2008) ........................................................7

*Flight Sys., Inc. v. Elec. Data Sys.*, 112 F.3d 124 (3d Cir. 1997)..............................................6

*Gould Elecs., Inc. v. United States*, 220 F.3d 169 (3d Cir. 2000) ........................................................4, 5

*Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d. Cir. 1976)..................................................11

*Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).................15

*Ingram v. Twp. of Deptford*, 2012 U.S. Dist. LEXIS 168437 (D.N.J. Nov. 28, 2012)................................................11

*McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178 (1936)..........................................................4

*Morse v. Lower Merion School Dist.*, 132 F.3d 902 (3d Cir. 1997) ........................................................5

## FEDERAL CASES (cont'd)

**PAGE**

*Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884 (3d Cir. 1977)...........................................................4

*Oran v. Stafford*, 34 F. Supp. 2d 906 (D.N.J. 1999), *aff'd*, 226 F.3d 275 (3d Cir. 2000)......................................5, 6

*Pearson v. Callahan*, 555 U.S. 223 (2009).......................14

*Raygor v. Regents of the University of Minnesota*, 534 U.S. 533 (2002)...........................................................7

*Regents of the Univ. of California v. Doe*, 519 U.S. 425 (1997) ...........................................................7

*Scarso v. Cuyahoga County Dept. of Human Servs.*, 747 F. Supp. 381 (N.D. Ohio 1989) aff'd in part, 917 F.2d 1305 (6th Cir. 1990)..........................................................13

*Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d. Cir. 1988)........................11, 18

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d. Cir. 2010).11

*Shelton v. Wallace*, 886 F. Supp. 1365 (S.D. Ohio 1995), aff'd, 91 F.3d 144 (6th Cir. 1996)...............................12, 13

*Smolow v. Hafer*, 353 F. Supp. 2d 561 (E.D. Pa. 2005)...........4

*Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989)......................................6, 7, 10

*Wilson v. Garcia*, 471 U.S. 261, 276-78 (1985)..................8

## STATE CASES

**PAGE**

*Bonitsis v. N.J. Inst. of Tech.*, 363 N.J. Super. 505, 516 (App. Div. 2003)..........................................................17

*C.P. ex rel. J.P. v. Twp. of Piscataway Bd. of Educ.*, 293 N.J. Super. 421 (App. Div. 1996)...................................11

*DeLaCruz v. Borough of Hillsdale*, 183 N.J. 149, 162-63 (2005)..20

## STATE CASES (cont'd)

PAGE

*Ezzi v. DeLaurentis.*, 172 N.J. Super. 592 (Law Div. 1980)......17

*Lameiro v. West New York Bd. of Ed.*, 136 N.J. Super. 585, 587 (Law Div. 1975)...........................................17

*Marion v. Borough of Manasquan,* 231 N.J. Super. 230 (App. Div. 1989)...........................................20, 21

*Velez v. City of Jersey City*, 180 N.J. 284, 294-96 (2004)..16, 17

## FEDERAL STATUTES

PAGE

28 U.S.C. § 1367...............................................7

42 U.S.C. § 1983.................................1, 8, 9, 10, 14

## STATE STATUTES

PAGE

N.J. Stat. Ann. § 2A:14-2(a) .................................8

N.J. Stat. Ann. § 59:1-2 ....................................18

N.J. Stat. Ann. § 59:2-2(b) .................................18

N.J. Stat. Ann. § 59:3-2(a) .............................18, 19

N.J. Stat. Ann. § 59:3-2(b) .............................18, 19

N.J. Stat. Ann. § 59:3-3 ................................18, 19

N.J. Stat. Ann. § 59:8-3 ....................................16

N.J. Stat. Ann. § 59:8-8 ................................16, 17

N.J. Stat. Ann. § 59:8-9 ....................................16

N.J. Stat. Ann. § 59:9-2(c) .................................20

N.J. Stat. Ann. § 59:9-2(d) .................................20

## <u>FEDERAL COURT RULES</u>

<u>**PAGE**</u>

FED. R. CIV. P. 12(b)(1) .....................................4, 5

FED. R. CIV. P. 12(b)(6) .......................................5

**<u>PRELIMINARY STATEMENT</u>**

Plaintiff Rudolph Travers alleges that his rights were violated by the New Jersey Judiciary, Essex Vicinage Probation Division and Shazeeda Samsudeen, Vicinage Chief Probation Officer (collectively "State Judiciary Defendants") through pursuit of a child support claim against him in the 1990's.

The State Judiciary Defendants are entitled to a dismissal of the Complaint for failure to state a claim upon which relief can be granted. First, the State Judiciary Defendants are entitled to sovereign immunity pursuant to the Eleventh Amendment of the U.S. Constitution. Second, Plaintiff's Complaint should be dismissed in its entirety based on expiration of the statute of limitations. Third, they are not "persons" amenable to suit under 42 U.S.C. § 1983. Fourth, all claims against Chief Samsudeen should be dismissed as respondeat superior claims are not cognizable under § 1983. Fifth, all claims against Chief Samsudeen should be dismissed based upon entitlement to quasi-judicial immunity. Sixth, all claims against Chief Samsudeen should be dismissed based upon entitlement to qualified immunity. Seventh, all tort claims should be dismissed due to Plaintiff's failure to comply with the notice provisions of the New Jersey Tort Claims Act ("NJTCA"). Eighth, the State Judiciary Defendants are entitled

1

to numerous tort immunities.  Finally, Plaintiff is not entitled to punitive damages under the NJTCA.

Since Plaintiff cannot support a cause of action against the State Judiciary Defendants, Plaintiff's Complaint must be dismissed with prejudice.

## PROCEDURAL HISTORY AND STATEMENT OF FACTS[1]

Plaintiff filed the current action on April 8, 2015. Plaintiff alleges that in 1994, Defendant Essex Vicinage Probation Division (improperly pleaded as "Essex County Probation Division") and the Essex Sheriff's Department authorized a paternity and child support payment action against him, which originated from the State of Texas through an intra-state process.  (Pl. Compl., p.3).

Plaintiff alleges that the birth certification of the child, on whose behalf support was sought, did not list Plaintiff as the father.  *Id.* at p.4.

Plaintiff alleges that the State of Texas improperly credited a claim made by a woman (Ms. Whitlock) that her child's father was Plaintiff.  *Id.*  Plaintiff alleges that he was living in East Orange, New Jersey, at the time, and the Essex Vicinage Probation Division and Sheriff's Department intimidated,

---

[1]  As the Procedural History and Statement of Facts are inextricably intertwined, they have been combined for the Court's convenience.

threatened, harassed, and arrested him in an effort to get him to pay child support, which he ultimately did. *Id.*

Plaintiff further alleges that in addition to providing financial support for the child, the child lived with him for several years. *Id.* at p.5. Plaintiff alleges that the child's mother could not prove paternity and that his relationship with the child deteriorated. *Id.* at p.6.

Plaintiff alleges that his support matter was closed by the Superior Court of New Jersey in 1997. *Id.* at p.7. Plaintiff alleges that the Texas Office of the Attorney General ("OAG") support agency continues to harass, intimidate, and harm Plaintiff "allegedly on order of Essex County probation." *Id.*

Plaintiff asserts claims of fraud and gross negligence against the State Judiciary Defendants. *Id.* at p.8. Plaintiff alleges that he suffered and will continue to suffer pain and suffering, severe mental anguish, emotional distress, and that he is entitled to general and compensatory damages for all money taken. *Id.* at pp.8, 11. Plaintiff also alleges that he is entitled to punitive damages. *Id.* at p.10.

Plaintiff does not allege any factual allegations as to any direct involvement Samsudeen had or should have had with regard to the child support matter against Plaintiff. *See generally* Pl. Compl.

3

## STANDARD OF REVIEW

### A. MOTION TO DISMISS, PURSUANT TO *FED. R. CIV. P.* 12(B)(1)

When considering a motion to dismiss under *Fed. R. Civ. P.* 12(b)(1), a District Court must distinguish between facial and factual challenges to its subject matter jurisdiction. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). "In a facial attack a Defendant argues that the Plaintiff did not properly plead jurisdiction . . . [whereas] a 'factual attack' asserts that jurisdiction is lacking on the basis of facts outside of the pleadings." *Smolow v. Hafer*, 353 F. Supp. 2d 561, 566 (E.D. Pa. 2005). If the court is considering a "factual" attack, where a challenge is based on the sufficiency of the jurisdictional fact, the court is free to weigh the evidence and satisfy itself whether it has the power to hear the case. *Brown v. U.S. Steel Corp.*, 2010 U.S. Dist. LEXIS 115503, at *6 (W.D. Pa. Oct. 29, 2010). In doing so, the court should "consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the Plaintiff." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citations omitted). Nevertheless, for either a facial or factual attack, the burden is on the plaintiff to prove jurisdiction. *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936).

In the instant case, this Court lacks jurisdiction to hear this case because the State Judiciary Defendants are entitled to sovereign immunity. *See Gould Elecs.,* 220 F.3d at 178 (holding Eleventh Amendment immunity is properly addressed in motion to dismiss pursuant to *Fed. R. Civ. P.* 12(b)(1), and not 12(b)(6) (citation omitted).

### B. MOTION TO DISMISS, PURSUANT TO *FED. R. CIV. P.* 12(B)(6)

On a motion to dismiss pursuant to *Fed. R. Civ. P.* 12(B)(6), a reviewing court must accept the plaintiff's factual allegations as true. However, the plaintiff's conclusory allegations and legal conclusions are not entitled to the same assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Anspach v. City of Philadelphia*, 503 F.3d 256, 260 (3d Cir. 2007) (quoting *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (conclusory allegations or legal conclusions masquerading as factual allegations will not suffice to prevent dismissal).

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 678. Where the claims asserted are fatally defective and the plaintiff cannot plead any facts to support his claims, it is appropriate for the court to dismiss a complaint without permitting the plaintiff to make a curative amendment of his pleading. *Oran v. Stafford*, 34 F. Supp. 2d 906, 913–14 (D.N.J.

1999), aff'd, 226 F.3d 275 (3d Cir. 2000). Thus, dismissal for failure to state a claim is justified where the asserted claim lacks a required element, *Campbell v. City of San Antonio*, 43 F. 3d 973, 975 (5th Cir. 1995), or where there is an "insuperable barrier" to a claim such as an immunity. *See Flight Sys., Inc. v. Elec. Data Sys.*, 112 F.3d 124, 127-28 (3d Cir. 1997); *Camero v. Kostos*, 253 F. Supp. 331, 338 (D.N.J. 1966).

Here, even taking all the allegations in the Complaint as true, Plaintiff fails to state a claim upon which relief can be granted.  Accordingly, Plaintiff's Complaint should be dismissed in its entirety with prejudice.

## ARGUMENT

### POINT I

### PLAINTIFF'S COMPLAINT AGAINST THE STATE JUDICIARY DEFENDANTS MUST BE DISMISSED AS BARRED BY THE ELEVENTH AMENDMENT.

The Complaint against the State Judiciary Defendants must be dismissed because Plaintiff's claims are barred by the Eleventh Amendment.

It is well-recognized that the states, state agencies and state officials acting in their official capacity cannot be sued under the principles of sovereign immunity and the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 69-71 (1989). "[T]he states' immunity from suit is a fundamental aspect of the sovereignty which the states enjoyed

before the ratification of the Constitution, and which they retain today." *Alden v. Maine*, 527 U.S. 706, 712–13 (1999)(citations omitted).

The Eleventh Amendment to the United States Constitution makes explicit reference to the states' immunity from suit:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.
>
> [U.S. Const. amend. XI.]

This immunity extends to state agencies and state officers who act on behalf of the state, *Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429 (1997), and bars recovery in suits brought pursuant to 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police, supra*, 491 U.S. at 64.

The Eleventh Amendment sovereign immunity also deprives this Court of jurisdiction over all of Plaintiff's claims that sound in the constitutional, statutory, or common law of the State of New Jersey. In *Raygor v. Regents of the University of Minnesota*, 534 U.S. 533, 541 (2002), the Court concluded that the supplemental jurisdiction statute, 28 U.S.C. § 1367, does not authorize district courts to exercise jurisdiction over claims against non-consenting States. *See also Figueroa v. City of* Camden, 580 F. Supp. 2d 390, 405 (D.N.J. 2008) (acknowledging

7

"Supreme Court has stated unequivocally that § 1367(a)" does not override State's sovereign immunity).

In this case, the Essex Vicinage Probation Division is an entity of the State of New Jersey Judiciary, and has not consented to suit in District Court. Defendant Samsudeen is an employee of the Superior Court of the State of New Jersey. Thus, each of the State Judiciary Defendants is an agent of the State of New Jersey. Therefore, Plaintiff's Complaint against the Essex Vicinage Probation Division and Defendant Samsudeen, in his official capacity, for money damages must be dismissed because they are entitled to Eleventh Amendment sovereign immunity.

## POINT II

### PLAINTIFF'S COMPLAINT IS TIME BARRED.

Plaintiff's Complaint must be dismissed in its entirety because it was filed after the statute of limitations lapsed.

In *Wilson v. Garcia*, 471 U.S. 261, 276-78 (1985), the United States Supreme Court held that the limitations period for an action filed pursuant to 42 U.S.C. § 1983 is governed by the given state's statute of limitations for personal injury claims. N.J. Stat. Ann. 2A:14-2(a), New Jersey's statute governing personal injury claims, provides, "Every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced

8

within two years next after the cause of any such action shall have accrued."

Plaintiff's civil rights claims arise from child support mater in New Jersey State court, which began in 1994 and ended in 1997. (Pl. Compl, pp. 3, 7). Plaintiff's claims appear to consist both of civil rights and tort claims. Accordingly, the two-year statute of limitations set forth in N.J. Stat. Ann. 2A:14-2(a) applies to all of Plaintiff's claims. Plaintiff did not file this Complaint until April 8, 2015, approximately sixteen years after the two year statute of limitations period in which to file a civil rights suit or tort suit ran. Accordingly, Plaintiff's claims are time-barred, and his Complaint must be dismissed with prejudice in its entirety.

## POINT III

**PLAINTIFF'S COMPLAINT AGAINST THE STATE JUDICIARY DEFENDANTS MUST BE DISMISSED BECAUSE THEY ARE NOT "PERSONS" AMENABLE TO SUIT UNDER 42 U.S.C. § 1983.**

Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 should also be dismissed as the State Judiciary Defendants are not "persons" subject to liability under these statutes.

Through 42 U.S.C. § 1983, Congress provided a vehicle by which persons may be sued for violating or interfering with constitutional rights. However, the State and its officials, are not considered "persons" amenable to suit under 42 U.S.C.

§ 1983.  While State officials literally are persons, a suit against a state official in his or her official capacity is not a suit against the official, but is a suit against the official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. at 71. "As such, it is no different from a suit against the State itself." *Id.* The Court in *Will* explicitly applied this interpretation to § 1983, stating that it "hold[s] that neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id.*

As noted *supra*, Point I, each of the State Judiciary Defendants is an agent of the Superior Court of the State of New Jersey.  As agents of the State, they are not "persons" amenable to suit under § 1983.  Accordingly, all of Plaintiff's constitutional claims sought via § 1983 should be dismissed against the Essex Vicinage Probation Division and Defendant Samsudeen, in his official capacity, because they are not persons amenable to suit under § 1983.

### POINT IV

**PLAINTIFF'S COMPLAINT AGAINST DEFENDANT SAMSUDEEN SHOULD BE DISMISSED BECAUSE RESPONDEAT SUPERIOR CLAIMS ARE NOT COGNIZABLE UNDER 42 U.S.C. § 1983.**

Plaintiff's claims against Defendant Samsudeen should be dismissed as 42 U.S.C. § 1983 does not recognize respondeat superior liability.

Pursuant to 42 U.S.C. § 1983, liability may not be imposed via respondeat superior. Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d. Cir. 1976); Ingram v. Twp. of Deptford, 2012 U.S. Dist. LEXIS 168437, at *8 (D.N.J. Nov. 28, 2012) (citing C.P. ex rel. J.P. v. Twp. of Piscataway Bd. of Educ., 293 N.J. Super. 421 (App. Div. 1996) (stating that New Jersey courts interpret the New Jersey Civil Rights Act as analogous to § 1983 and holding that NJCRA claims do not recognize liability on the basis of respondeat superior)). A defendant in a civil rights action must have personal involvement in the alleged wrongdoing. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d. Cir. 1988). A plaintiff must show that the supervisor "played a personal role in violating their rights." Bayer v. Monroe County Children and Youth Servs., 577 F.3d 186, 191 n.5 (3d. Cir. 2009). A supervisor may only be held liable if he directed his employees to violate one's constitutional rights. See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d. Cir. 2010).

Here, Plaintiff seeks to impute liability against Defendant Samsudeen solely based on his supervisory position at Essex Vicinage Probation Division. Plaintiff does not allege that Defendant Samsudeen took any actions that directly violated Plaintiff's constitutional rights. In fact, Plaintiff acknowledges in his Complaint that Defendant Samsudeen likely

11

had no role in his underlying child support matter, but that he is a named Defendant solely as the Vicinage Chief Probation Officer.  Plaintiff notes: "Defendant, [Mr.] Shazeda Samsudeen, Chief Probation Officer has command responsibility for the Essex County Probation Agency.  Decisions of [his] predecessors is passed on to [him.]  Have no knowledge that Samsdueen actual role in this matter, if any."

Therefore, there is no basis for liability against him. Accordingly, Plaintiff's claims against Defendant Samsudeen should be dismissed.

## POINT V

### ALL CLAIMS AGAINST DEFENDANT SAMSUDEEN SHOULD BE DISMISSED AS HE IS ENTITLED TO QUASI-JUDICIAL IMMUNITY.

Plaintiff's claims against Defendant Samsudeen should be dismissed with prejudice based on his entitlement to quasi-judicial immunity.

Under quasi-judicial immunity, judiciary employees carrying out functions intimately associated with the judicial process are entitled to absolute immunity. "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered to be figurative arms of the very commanding judge who is immune." *Shelton v. Wallace*, 886 F. Supp. 1365, 1371 (S.D.

Ohio 1995), aff'd, 91 F.3d 144 (6th Cir. 1996); *See also Antoine v. Byers Anderson, Inc.*, 508 U.S. 429, 436 (1993) ("When judicial immunity is extended to officials other than judges, it is because their judgments are 'functional[ly] comparab[le] to those of judges – that is, because they, too, 'exercise a discretionary judgment' as part of their function."); *Scarso v. Cuyahoga County Dept. of Human Servs.*, 747 F. Supp. 381, 385 (N.D. Ohio 1989)(noting that "[i]n addition to protecting judges from civil liability, absolute judicial immunity shields agents of the court who are acting under the direction of the court"), aff'd in part, 917 F.2d 1305 (6th Cir. 1990).

While Plaintiff fails to plead any particularized facts of wrongdoing by Defendant Samsudeen, other than being the current Vicinage Chief Probation Officer of the Essex Vicinage Probation Division, he is presumably sued for any action or inaction as an employee of the Probation Division of the Superior Court of New Jersey.  As a judiciary employee, any actions taken would be under Court directive.  As such, Defendant Samsudeen is entitled to quasi–judicial immunity from suit.

<u>**POINT VI**</u>

**ALL CLAIMS AGAINST DEFENDANT SAMSUDEEN SHOULD BE DISMISSED AS HE IS ENTITLED TO <u>QUALIFIED IMMUNITY.</u>**

To the extent that Plaintiff's claims are asserted against Defendant Samsudeen in his individual capacity, such claims should be dismissed with as he is entitled to qualified immunity.

"Qualified immunity balances two important interests –- the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).  Qualified immunity applies to a "'government official's mistake of law, mistake of fact, or a mistake based on mixed questions of law and fact.'" *Id.* (quoting *Groh v. Ramirez*, 540 U.S. 551, 567 (2004) (Kennedy, J. dissenting).

If a case is erroneously permitted to proceed to trial, the protection of qualified immunity is essentially lost.  *Id.*  Therefore, it is important that questions of qualified immunity be resolved at the earliest stage of the litigation as possible.  *Id.* (quotations omitted).

A defendant in a 42 U.S.C. § 1983 action is entitled to the defense of qualified immunity, if plaintiff fails to establish the violation of a constitutional or statutory right or the

14

right that the defendant's conduct allegedly violated was clearly established such that a reasonable person would have known that his or her action violated that right. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). District courts are vested with the discretion to decide which of these two prongs to address first in light of the circumstances of the particular case at hand. *Id.* If the plaintiff fails to satisfy either inquiry, then the defendant is entitled to judgment in his favor.

Defendant Samsudeen is entitled to qualified immunity because Plaintiff does not allege that he violated any of Plaintiff's constitutional rights, or any other rights that were "clearly established" under the law.

No facts have been alleged that Defendant Samsudeen was personally involved in Plaintiff's child support case. *See generally* Pl. Compl. In fact, Chief Samsudeen did not even work for the Essex Vicinage Probation Division at any time during the 1994–1997 period when Plaintiff's child support case was active. No facts have been alleged that Defendant Samsudeen violated any of Plaintiff's clearly established constitutional or statutory rights. Thus, Defendant Samsudeen should be entitled to qualified immunity as to all of Plaintiff's claims.

### POINT VII

**PLAINTIFF'S STATE LAW TORT CLAIMS MUST BE DISMISSED GIVEN PLAINTIFF'S FAILURE TO FILE A NOTICE OF TORT CLAIM AS REQUIRED BY THE NEW JERSEY TORT CLAIMS ACT.**

Plaintiff makes allegations of gross negligence in addition to claims of pain and suffering, severe mental anguish, emotional distress. Plaintiff's state tort law claims must be dismissed as he failed to file the requisite notice of tort claim.

Pursuant to *N.J. Stat. Ann.* § 59:8-3, "[n]o action shall be brought against a public entity or public employee under the NJTCA unless the claim upon which it is based shall have been presented in accordance with the procedure set forth in this chapter." This notice of claim, which applies to both intentional and negligent conduct, *Velez v. City of Jersey City*, 180 N.J. 284, 294-96 (2004), must be signed and filed with the public entity generally within ninety (90) days of the accrual of the cause of action. *N.J. Stat. Ann.* § 59:8-8. Only "[a]fter the expiration of six months from the date notice of claim is received, [may] the claimant . . . file suit in an appropriate court of law." *N.J. Stat. Ann.* § 59:8-8. Failure to file a notice of claim within one year bars a claimant. *N.J. Stat. Ann.* § 59:8-9.

The notice requirements "are a jurisdictional precondition to filing suit," *Bonitsis v. New Jersey Inst. of Tech.*, 363 N.J. Super. 505, 516 (App. Div. 2003), and where no notice is provided, institution of a suit is premature and a dismissal without prejudice is the appropriate remedy. *Ezzi v. DeLaurentis*, 172 N.J. Super. 592 (Law Div. 1980); *Lameiro v. West New York Bd. of Ed.*, 136 N.J. Super. 585, 587 (Law Div. 1975). Moreover, the NJTCA expressly bars recovery against public employees and public entities if the notice requirements of the Act are not met. *Velez*, 180 N.J. at 290-91 (2004); *N.J. Stat. Ann.* § 59:8-8.

Here, Plaintiff failed to file and serve a notice of tort claim upon the State Judiciary Defendants as required by *N.J. Stat. Ann.* § 59:8-8. Because it is beyond one year he cannot do so now.  As such, Plaintiff's state law tort claims against the State Judiciary Defendants should be dismissed with prejudice.

## POINT VIII

### THE STATE JUDICIARY DEFENDANTS ARE ENTITLED TO IMMUNITY UNDER THE NJTCA.

Plaintiff's tort claims must also be dismissed as the State Judiciary Defendants are entitled to immunity from tort liability under the NJTCA.

The NJTCA provides the only method by which a public entity can be held liable under a common law theory of tort. The NJTCA

17

applies equally to both unintentional and intentional torts, such as a claim for intentional infliction of emotional distress. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d. Cir. 1988))(holding that "the notice provisions in the Act apply to causes of action based on the intentional conduct of a public employee."). Under the NJTCA, "public entities shall only be held liable for their negligence within the limitations of [the TCA] and in accordance with the fair and uniform principles established [therein]." *N.J. Stat. Ann.* § 59:1-2.

*N.J. Stat. Ann.* § 59:2-2(b) provides that "[a] public entity is not liable for an injury resulting from an act or omission of a public employee where the public employee is not liable." Therefore, the Essex Vicinage Probation Division may not be held liable if its employees are not liable.

Three distinct immunities within the NJTCA apply here. First, *N.J. Stat. Ann.* § 59:3-2(a) provides that "[a] public employee is not liable for an injury resulting from the exercise of judgment or discretion vested in him." Second, *N.J. Stat. Ann*. § 59:3-2(b) provides that "[a] public employee is not liable for legislative or judicial action or inaction, or administrative action or inaction of a legislative or judicial nature." Third, "[a] public employee is not liable if he acts in good faith in the execution or enforcement of any law." *N.J. Stat. Ann.* § 59:3-3.

18

Plaintiff's allegations against the Essex Vicinage Probation Division are based on actions of employees who made decisions in a child support matter.  Such employees may include Judges or other judicial employees who dealt with Plaintiff's support case.  The judges and judicial officers who made these determinations are entitled to (i) immunity for their exercise of discretion, *N.J. Stat. Ann.* § 59:3-2(a), (ii) immunity for their judicial action or inaction, *N.J. Stat. Ann.* § 59:3-2(b), and (iii) immunity for acting in good faith in the execution or enforcement of the law.  *N.J. Stat. Ann.* § 59:3-3. Additionally, as an employee of the Judiciary, these immunities would apply to Defendant Samsudeen as well, had he any involvement in Plaintiff's child support matter.

Based on the foregoing, Plaintiff's tort claims must be dismissed with prejudice.

## POINT IX

**PLAINTIFF IS NOT ENTITLED TO PUNITIVE DAMAGES OR DAMAGES FOR PAIN AND SUFFERING UNDER THE NEW JERSEY TORT CLAIMS ACT.**

Plaintiff seeks punitive damages as well as damages for the pain and suffering that he allegedly suffered as the result of his state court support action.  Plaintiff's claims for damages must be denied as the NJTCA precludes an award of punitive damages against the State Judiciary Defendants, and because

19

Plaintiff failed to meet the verbal threshold to warrant damages for pain and suffering.

First, the NJTCA provides that "[n]o punitive or exemplary damages shall be awarded against a public entity." *N.J. Stat. Ann.* § 59:9-2(c).  The Essex Vicinage Probation Division is a public entity as part of the Superior Court of the State of New Jersey.  As such, any claims for punitive damages against the Essex Vicinage Probation Division are statutorily barred.

Additionally, Plaintiff's tort claims must also be dismissed against both Essex Vicinage Probation Division and Defendant Samsudeen because Plaintiff has failed to allege that he suffered an injury of sufficient severity to overcome the NJTCA's "verbal threshold."  The statute provides,

> No damages shall be awarded against a public entity or employee for pain and suffering resulting from any injury; provided, however, that this limitation on the recovery of damages for pain and suffering shall not apply in cases of permanent loss of a bodily function, permanent disfigurement or dismemberment where the medical treatment expenses are in excess of $3,600.00.
>
> [*N.J. Stat. Ann.* § 59:9-2(d).]

The "verbal threshold" of the NJTCA applies to pain and suffering damages sought against a public entity for all tort claims.  *See DeLaCruz v. Borough of Hillsdale*, 183 N.J. 149, 162-63 (2005).  *See Marion v. Borough of Manasquan*, 231 N.J.

20

Super. 230 (App. Div. 1989) (holding immunity not pierced where plaintiffs alleged they suffered a "traumatic experience" after being taken to police headquarters for questioning following being stopped by beach patrol for walking on a beach in bathing attire without a permit).

Plaintiff has failed to allege that he suffered an aggravating physical or mental injury of the type which would permit him to recover damages for pain and suffering. *See generally* Pl. Compl. Rather, he makes a blanket assertion, without providing any factual support or details, that he suffered such harm. *Id.* Additionally as Plaintiff fails to provide objective medical evidence that he sustained a permanent loss of bodily function, permanent dismemberment, or permanent disfigurement, as required by the NJTCA, Plaintiff's tort claims must be dismissed.

Based on the foregoing, Plaintiff's tort claims against the State Judiciary Defendants should be dismissed with prejudice in their entirety.

## CONCLUSION

For the reasons stated above, the State Judiciary Defendants' Motion to Dismiss should be granted and Plaintiff's Complaint should be dismissed with prejudice.

Respectfully submitted,

JOHN J. HOFFMAN
ACTING ATTORNEY GENERAL OF NEW JERSEY

By:   s/ Ione K. Curva
Ione K. Curva
Deputy Attorney General

Dated:   May 12, 2015