NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RUDOLPH TRAVERS,<br><br>                    Plaintiff,<br><br>v.<br><br>ESSEX COUNTY, et al.,<br><br>                    Defendants. | Civil Action No. 15-2508 (JLL) (JAD)<br><br><br>**OPINION** |

**LINARES,** District Judge**.**

This matter comes before the Court on a motion to dismiss Plaintiff's Complaint by Defendants New Jersey Judiciary, Essex Vicinage Probation Division and Shazeeda Samsudeen pursuant to Fed. R. Civ. P. 12 (b) (6).  The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons set forth below, Defendants' motion to dismiss is granted.

**I.      BACKGROUND**

Plaintiff alleges that in 1994, Defendant Essex Vicinage Probation Division and the Essex Sheriff's Department authorized a paternity and child support payment action against him, which originated from the State of Texas through an intrastate process. (Pl. Compl., p. 3).  Plaintiff alleges that the birth certificate of the child, on whose behalf support was sought, did not list Plaintiff as the father.  (*Id.* at p. 4).  Plaintiff alleges that the State of Texas improperly credited a claim made by a woman that her child's father was Plaintiff.  (*Id.*).  Plaintiff alleges that he was living in East Orange, New Jersey, at the time, and the Essex Vicinage Probation Division and Sheriff's Department threatened, harassed, and arrested him in an effort to get him to pay child support,

which he ultimately did.  (*Id.*).  Plaintiff further alleges that in addition to providing financial support for the child, the child lived with him for several years.  (*Id.* at p. 5).  Plaintiff alleges that the child's mother could not prove paternity and that his relationship with the child deteriorated. (*Id.* at p. 6).  Plaintiff alleges that his support matter was closed by the Superior Court of New Jersey in 1997.  (*Id.* at p.7).

In light of the foregoing, Plaintiff commenced this action on April 8, 2015.  (ECF No. 1). Plaintiff alleges that Defendants violated his civil rights.  (Cmp., p. 8).  Currently before the Court is Defendants' motion to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6).

## II.    LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Federal Rule of Civil Procedure 8(a)(2) requires 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Twombly*, 550 U.S. at 545 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party.  *See Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3rd Cir.2008).  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  Further, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555, 557). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice." *Id.* Thus, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness. *Id.* Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3rd Cir. 1994).

## III. DISCUSSION

The statute of limitations for an action brought pursuant to 42 U.S.C. § 1983 is governed by the state's statute of limitations for personal injury claims. *Wilson v. Garcia*, 471 U.S. 261, 276-78 (1985). New Jersey's personal injury statute provides: "Every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within the State shall be commenced within two years next after the cause of any such action shall have accrued." N.J.S.A. 2A:14-2(a).

Plaintiff's § 1983 claim derives from a child support matter in New Jersey State court which originated in 1994 and ended in 1997. Plaintiff did not bring the instant action for more than 16 years after the two year statute of limitations period ran. Therefore, the Court finds that Plaintiff's § 1983 claim is time-barred. Accordingly, the Court will grant Defendants' motion to dismiss, and dismiss Plaintiff's Complaint.[1]

---

[1] As an alternative basis, Plaintiff's claim for damages against Defendants is barred by the Eleventh Amendment. Under the Eleventh Amendment, a federal court is prohibited from hearing a suit against a state unless the state has consented to such a suit. *Camden County Recovery Coalition v. Camden City Bd. of Educ. for Public School Syst.*, 262 F.Supp.2d 446, 448 (D.N.J.2003). The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State.

This Amendment not only prohibits suits against a state by citizens from other states, but it also prohibits suits against a state by its own citizens, *Pennhurst State Sch. v. Halderman*, 465 U.S.

## IV.    CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is granted.  Therefore, this case is closed.  An appropriate Order accompanies this Opinion.


DATED:  June 22, 2015


s/ Jose L. Linares
JOSE L. LINARES
U.S. DISTRICT JUDGE

---

89, 100 (1984), and bars suits "against a state agency or department," *Kish v. Verniero*, 212 B.R. 808, 814 (D.N.J.1997).  "A subdivision of the state itself is also not a 'person' if it is merely an alter ego or 'arm' of the state." *Longoria v. State*, 168 F.Supp.2d 308, 315 (citing *Fitchik v. New Jersey Transit Rail Operations, Inc.*, 873 F.2d 655, 658-59 (3d Cir.), *cert. denied*, 493 U.S. 850 (1995)).  Thus, even where the state is not a named party to the action, the suit will be barred so long as the state is the real party in interest. *Camden County Recovery Coalition*, 262 F.Supp.2d at 448.  "Therefore, absent waiver, neither a State, nor agencies under its control may be subjected to lawsuits in federal court." *Doe v. Div. of Youth and Family Servs.*, 148 F.Supp.2d 462, 483 (D.N.J.2001).  Moreover, regardless whether the suit is for monetary damages or injunctive relief, the Eleventh Amendment bars suits against a state in federal court. *Camden County Recovery Coalition*, 262 F.Supp.2d at 448.  This immunity extends to both employees of the state judiciary and agencies related to the state judiciary, including county probation departments. *See Gencarelli v. Superior Court of New Jersey*, No. 04-3332, 2005 WL 1490590, at *3 (D.N.J.2005).  Because Defendants are all agents of the State of New Jersey, Plaintiff's claim for money damages against Defendants must be dismissed.

4